UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:

Emmanuel Louis,

      Plaintiff,

vs.

City of Hialeah,

      Defendant.

_____/

## Complaint for Damages and Injunctive Relief

Plaintiff, Emmanuel Louis ("Louis" or "plaintiff"), sues defendant, City of Hialeah ("Village" or "Defendant"), and alleges:

### Introduction and Summary

1.    This is a discrimination and retaliation action brought by Emmanuel Louis, a 45-year-old, Black District Fire Chief of Haitian-heritage — who was, **One**, passed over for promotion in favor of lesser-qualified younger candidates outside his protected class, incuding after he complained internally about discrimination and filed charges of discrimination, and, **Two**, was retaliated against after he continued to engage in protected activity, including being passed over for promotion and being transferred from his position as Medical Service Division Chief to District Fire Chief with a

significant loss in pay and benefits. Mr. Louis sues pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act, 28 U.S.C. § 621, et seq. ("ADEA"); and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), for damages, equitable relief, reasonable attorney's fees and litigation expenses.

## Jurisdiction and Venue

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).  The Court has supplemental jurisdiction of the FCRA claims pursuant to 28 U.S.C. § 1367 because the FCRA claims are so related to the federal claims over which the Court has federal-question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in Miami-Dade County, Florida, because the claims arose there and the City of Hialeah is located there.

## Satisfaction of Conditions Precedent

4.      On or about September 19, 2024, Louis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which by operation of law meant that he also filed it with the Florida Commission on Human Relations ("FCHR").  filed a charge of discrimination with the EEOC, which by operation of law meant that he also filed it with the FCHR.

5.   On or about November 7, 2024, Mr. Louis filed an amended supplemental charge of discrimination with the EEOC, which by operation of law meant that he also filed it with the FCHR.

6.   On March 14, 2025, the U.S. Department of Justice issued a notice of right to sue as to Charge 510-2025-02053, within 90 days of which Mr. Louis brought this action.

7.   On March 17, 2025, Mr. Louis filed a charge of discrimination with the EEOC, which by operation of law meant that he also filed it with the FCHR.

8.   On April 4, 2025, the EEOC issued a notice of right to sue as to Charge 510-2025-05590, within 90 days of which Mr. Louis brought this action.

9.   More than 180 days elapsed without the FCHR's making an adverse finding against Mr. Louis on any of his allegations or conciliating the 2024 charges.

10.   All conditions precedent to this action, if any, have been satisfied, waived or would have been futile.

## Parties

11.   Plaintiff, Emmanuel Louis, at all times material, was employed as a Chief Fire Officer by defendant, City of Hialeah. Louis is and was, at all times material, an "employee," or "aggrieved person" or "individual" under Title VII, the ADEA and the FCRA.  He is protected by:

     a.     Title VII and the FCRA because of his race and color (Black/African-American) and national origin (Haitian-heritage);

     b.     The ADEA and the FCRA because of his age (over 40 at all times material), and

     c.     Title VII, the ADEA and the FCRA because he engaged in protected activity, including complaining to the City about what he reasonably perceived, in good faith, to be discrimination and retaliation, filing charges of discrimination and participating in the EEOC's investigation.

12.     Defendant City of Hialeah ("Hialeah") is Florida municipality.  At all times material, it was and is an "employer" as envisioned by Title VII, the ADEA and the FCRA.

## Applicable Statutes

13.     Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

> It shall be an unlawful employment practice for an employer —
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race , color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race , color, religion,  sex, or national origin.

14.     Title VII provides, in pertinent part, at 42 U.S.C. § 2000e-3:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for

employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

15.    The ADEA provides, in pertinent part, at 29 U.S.C. § 623(a):

It shall be unlawful for an employer-

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age;

16.    The ADEA further provides, in pertinent part, at 29 U.S.C. §

623(d) that:

It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

17.   Section 760.10(1), FLA. STAT., provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

18.   Section 760.10(7), FLA. STAT., further provides, in pertinent part:

It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

**General Allegations**

19.   For a period of over 20 years, Emmanuel Lewis has worked fro the City of Hialeah's fire department in various positions for which he was qualified, including as Medical Services Division Chief.

20.   Mr. Lewis holds a Bachelor's Degree in Emergency Management a Master's Degree in International Disaster Preparedness, and has been a certified Fire Service Instructor for over ten years.

21.   The position that he held as Medical Services Division Chief has historically served as a precursor to appointment as Fire Chief within the City's fire department, and has been done with the last four Fire Chiefs.

22.    During the COVID-19 pandemic, with the consent and approval Fire Chief William Guerra, Mr. Louis also functioned in the role of an Emergency Manager in addition to his assigned duties.

23.    However, despite his qualifications, experience and tenure, Mr. Louis service, been passed over for promotion repeatedly, including to Emergency Manager position announced in early 2024.

24.    After Armando Rojas, the City's Emergency Manager, announced in January 2024 his intent to leave his position, Mr. Louis informed Fire Chief Guerra of his interest in the position and intent to apply for it.

25.    Chief Guerra responded by stating that "the City of Hialeah has no African American directors."

26.    After the Emergency Manager position was posted February 8, 2024, Mr. Louis applied for it February 16, 2024 and notified the Fire Chief of his application.

27.    Around this time, Mr. Louis received information from various sources that Captain Paul Garcia, a less qualified non-African American employee, had already been preselected for the EM role.

28.    Captain Guerra held a lower rank than Mr. Louis; had less experience within the department and seniority, and lacked some of the qualification for the posted position, such as experience in Emergency Management and a college degree.

29.    Weeks before any formal announcement had been made regarding which candidate who would be selected for the Emergency

Manager position, at a social gathering during the week of Mr.'s Louis's interview for the position in April 2024, Captain Garcia publicly stated that he would be taking the Emergency Manager position.

30.    On May 15, 2024, Mr. Louis was notified via letter that he was not selected for the position.

31.    Around that time, the department overseeing the Emergency Manager role was transferred from the Police Department to the Fire Department.

32.    On May 20, 2024, the City's Telestaff scheduling system reflected that Paul Garcia had been appointed to the Emergency Manager role, now labeled as "Division Chief - Emergency Management."

33.    During June 2024, Mr. Louis file a formal internal complaint of discrimination alleging racial discrimination in the failure to promote him to the Emergency Manager position.

34.    He was subsequently issued a performance evaluation with scores lower than those that he had received on previous evaluations, without sufficient justification or documentation, which he also considered to be discriminatory and retaliatory.

35.    During August 2024, to attempt to resolve his discrimination and retaliation allegations, Mr. Louis participated in two mediation sessions with the City, which result in an impasse.

36.    After the impasse, the HR director accused him, falsely, of having cheated on the 2023 Operations Chief promotional exam.

37.     Mr. Louis subsequently filed charges of discrimination and suffered additional adverse actions:

38.     On or about September 19, 2024, he filed charge of discrimination with the EEOC.

39.     On or about November 7, 2024, Mr. Louis filed an amended supplemental charge of discrimination with the EEOC.

40.     In or around late 2024 and early 2025, Mr. Louis was again passed over for another promotional opportunity for which he was qualified when the City selected Humfredo Perez for the position of Deputy Fire Chief and subsequently Interim Fire Chief, despite is lack of a Bachelor's degree required for Chief Officer certification.

41.     On February 3, 2025, the City selected for Hermogenes Lacayo — a Hispanic with lower qualifications than Mr. Louis (a lower college degree (an Associate's) and lesser experience as an administrative chief than Mr. Louis) for promotion to Deputy Fire Chief without his having to test for the position.

42.     Lacayo was promoted in that manner despite the Civil Service Rules's requirement that the City publish the position (which it did not) and candidates sit for the examination before being promoted.

43.     After it had already announced Lacayo's promotion, the City announce a vacancy and testing for the position February 12, and interviewed Mr. Louis for it February 20 and 24.

44.     Then the Mayor announced the official promotion February 24.

45.    On March 6, 2025 Mr. Louis was informed that he would be removed from his position as Medical Services Division Chief reassigned and transferred to the Operations Division as a District Fire Chief (his civil service rank) position effective March 17, 2025.

46.    The transfer resulted in a significant demotion in rank, loss in salary and benefits, as well loss of executive responsibilities.

47.    At the time, Mr. Louis was one of the most experienced Division Chief, held a Nursing Degree (RN), and was certified as a Chief EMS Officer (an accreditation held by only approximately 190 individuals worldwide).

48.    Mr. Louis was replaced as Medical Services Division Chief by Captain Raul Gonzalez, the fire union president, who held a lower civil service rank, had fewer years of service, and did not possess comparable educational credentials.

49.    The City's actions discriminated against Mr. Louis in the terms, conditions and privileges of employment.

50.    The treatment to which defendant, through its agents and employees, subjected Plaintiff was because of:

      a.    his race/color;

      b.    national origin;

      c.    age (45); and

      d.    has having complained to the City about what he reasonably perceived, in good faith, to be discrimination and retaliation, filed charges of discrimination, and participated in the EEOC's investigation.

## Count 1 — Age Discrimination Under the ADEA

51.    Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-8, 10, 11(b), 12, 15, 19-49 and 50(c).

52.    The treatment to which defendant, through its agents and employees, subjected Mr. Louis was because of his age and, thus, constituted age discrimination as proscribed by the ADEA.

53.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

54.    Defendant's treatment of plaintiff constituted a willful violation of the ADEA, entitling plaintiff to liquidated damages.

55.    The age discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

56.    Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 29 U.S.C. § 626(b).

WHEREFORE, plaintiff, Emmanuel Louis, prays that this Court will grant judgment for him, and against defendant, City of Hialeah, and:

*One,* issue a judgment that defendant's practices toward Mr. Louis violated his rights against age discrimination in violation of the ADEA;

*Two*, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through instatement, restoration of seniority and benefits;

*Three*, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Four*, enter judgment for plaintiff and against defendant for  liquidated damages;

*Five*, grant Mr. Louis his costs and reasonable attorney's fees pursuant to 29 U.S.C. § 626(b), and

*Six*, grant Mr. Louis such other and further relief as the circumstances and law provide.

## Count 2 — Retaliation Under the ADEA

57.   Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-8, 10, 11(c), 12, 16, 19-49 and 50(d).

58.   The adverse actions of defendant violated plaintiff's rights against retaliation for complaining or opposing discrimination, including by filing a charge of discrimination and participating in an investigation pursuant to the ADEA, which retaliation is proscribed by the ADEA.

59.    The conduct of defendant and its agents, proximately, directly, and foreseeably injured plaintiff, including but not limited to lost wages and benefits.

60.    The age discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

61.    Defendant's treatment of plaintiff constituted a willful violation of the ADEA, entitling plaintiff to liquidated damages.

62.    Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 29 U.S.C. § 626(b).

63.    Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, plaintiff irreparable harm.

WHEREFORE, plaintiff, Emmanuel Louis, prays that this Court will:

**One**, issue a declaratory judgment that defendant's practices towards plaintiff violate plaintiff's rights against retaliation under the ADEA;

**Two**, award judgment against City of Hialeah for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

**Three**, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits;

**Four**, enter a judgment for plaintiff and against defendant for damages, including liquidated damages;

**Five**, grant plaintiff his costs and a reasonable award of attorney's fees pursuant to 29 U.S.C. § 626(b); and

**Six**, grant plaintiff such other and further relief as the circumstances and law require and/or provide.

### Count 3 — Race/Color Discrimination Under the Title VII

64.    Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-8, 10, 11(a), 12, 13, 19-49 and 50(a).

65.    The treatment to which defendant, through its agents and employees, subjected Mr. Louis was because of his race and color, thus, constituted race and color discrimination as proscribed by Title VII.

66.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

67.    The race and color discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

68.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff, Emmanuel Louis, prays that this Court will grant judgment for him, and against defendant, City of Hialeah, and:

*One,* issue a judgment that City of Hialeah's practices toward Mr. Louis violated his rights against race and color discrimination in violation of the Title VII;

*Two*, award judgment against City of Hialeah for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin City of Hialeah and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Louis his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

*Six*, grant Mr. Louis such other and further relief as the circumstances and law provide.

**Count 4 — National Origin Discrimination Under the Title VII**

69.    Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-8, 10, 11(a), 12, 13, 19-49 and 50(b).

70.    The treatment to which defendant, through its agents and employees, subjected Mr. Louis was because of his national origin and, thus, constituted national origin discrimination as proscribed by Title VII.

71.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

72.    The national origin discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

73.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff, Emmanuel Louis, prays that this Court will grant judgment for him, and against defendant, City of Hialeah, and:

**One,** issue a judgment that City of Hialeah's practices toward Mr. Louis violated his rights against national origin discrimination in violation of the Title VII;

**Two**, award judgment against City of Hialeah for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

**Three**, enjoin City of Hialeah and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Mr. Louis his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

**Six**, grant Mr. Louis such other and further relief as the circumstances and law provide.

### Count 5 — Retaliation Under the Title VII

74.    Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, all of the allegations ¶¶ 1-8, 10, 11(c), 12, 15, 19-49 and 50(d).

75.    The adverse actions of defendant violated plaintiff's rights against retaliation for complaining or opposing discrimination, including by filing a charge of discrimination and a lawsuit and participating in an

investigation and litigation of a charge of discrimination, which retaliation is proscribed by Title VII.

76.    The conduct of defendant and its agents, proximately, directly, and foreseeably injured plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77.    Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

78.    Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, plaintiff irreparable harm.

WHEREFORE, plaintiff, Emmanuel Louis, prays that this Court will:

***One***, issue a declaratory judgment that defendant's practices towards plaintiff violate plaintiff's rights against retaliation under the Title VII;

***Two***, award judgment against City of Hialeah for the back pay and benefits to which plaintiff would have been entitled but for its retaliatory acts;

***Three***, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, back pay, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

***Four***, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant plaintiff his costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k); and

*Six*, grant plaintiff such other and further relief as the circumstances and law require and/or provide.

### Count 6 — Age Discrimination Under the FCRA

79.    Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-5, 9, 10, 11(b), 12, 17, 19-40, 49 and 50(c).

80.    The treatment to which defendant, through its agents and employees, subjected Mr. Louis was because of his age and, thus, constituted age discrimination as proscribed by FCRA.

81.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

82.    The age discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

83.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Emmanuel Louis, prays that this Court will grant judgment for him, and against defendant, City of Hialeah, and:

*One,* issue a judgment that City of Hialeah's practices toward Mr. Louis violated his rights against age discrimination in violation of the FCRA;

*Two*, award judgment against City of Hialeah for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin City of Hialeah and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Louis his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Mr. Louis such other and further relief as the circumstances and law provide.

### Count 7— Race and Color Discrimination Under the FCRA

84.    Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-5, 9, 10, 11(a), 12, 17, 19-40, 49 and 50(a).

85.    The treatment to which defendant, through its agents and employees, subjected Mr. Louis was motivated by his race and color, and, thus, constituted race and color discrimination as proscribed by FCRA.

86.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

87.    The race and color discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

88.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Emmanuel Louis, prays that this Court will grant judgment for him, and against defendant, City of Hialeah, and:

**One**, issue a judgment that City of Hialeah's practices toward Mr. Louis violated his rights against race and color discrimination in violation of the FCRA;

**Two**, award judgment against City of Hialeah for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

**Three**, enjoin City of Hialeah and its agents from continuing to violate plaintiff's statutory rights and to make him whole through instatement, restoration of seniority and benefits;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Mr. Louis his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

**Six**, grant Mr. Louis such other and further relief as the circumstances and law provide.

### Count 8— National Origin Discrimination Under the FCRA

89.    Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, the allegations ¶¶ 1-5, 9, 10, 11(a), 12, 17, 19-40, 49 and 50(b).

90.    The treatment to which defendant, through its agents and employees, subjected Mr. Louis was motivated by his national origin, and, thus, constituted national origin discrimination as proscribed by FCRA.

91.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

92.    The race and color discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

93.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Emmanuel Louis, prays that this Court will grant judgment for him, and against defendant, City of Hialeah, and:

**One**, issue a judgment that City of Hialeah's practices toward Mr. Louis violated his rights against national origin discrimination in violation of the FCRA;

**Two**, award judgment against City of Hialeah for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

**Three**, enjoin City of Hialeah and its agents from continuing to violate plaintiff's statutory rights and to make him whole through instatement, restoration of seniority and benefits;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Mr. Louis his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

**Six**, grant Mr. Louis such other and further relief as the circumstances and law provide.

### Count 9 — Retaliation Under the FCRA

94.    Plaintiff, Emmanuel Louis, realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-5, 9, 10, 11(d), 12, 18, 19-40, 49 and 50(d).

95.    The adverse actions of defendant violated plaintiff's rights against retaliation for complaining or opposing discrimination, including by filing a charge of discrimination and participating in an investigation pursuant to the FCRA, which retaliation is proscribed by the FCRA.

96.    The conduct of defendant and its agents, proximately, directly, and foreseeably injured plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97.    Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.

98.    Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, plaintiff irreparable harm.

WHEREFORE, plaintiff, Emmanuel Louis, prays that this Court will:

*One*, issue a judgment that City of Hialeah's practices toward Mr. Louis violated his rights against retaliation in violation of the FCRA;

*Two*, award judgment against City of Hialeah for the back pay and benefits to which plaintiff would have been entitled but for its retaliatory acts;

**Three**, enjoin City of Hialeah and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Mr. Louis his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

**Six**, grant Mr. Louis such other and further relief as the circumstances and law provide.

Respectfully Submitted,

*/s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com

THE AMLONG FIRM
500 Northeast Fourth St., Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

**Attorneys for the Plaintiff,**
**Emmanuel Louis**

\\amlong3\cpshare\CPWin\HISTORY\230523_0001\188C.1A